NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DONOVAN CUSHNIE, | : | |
| Petitioner, | : | Civil Action No. 07-2980 (JAG) |
| v. | : | |
|  | : | **OPINION** |
| PETER D. KEISLER, etc., et al., | : | |
| Respondents. | : | |

**APPEARANCES**:

    DONOVAN CUSHNIE
    A097 447 111
    Hudson County Correctional Center
    E 500 North
    35 Hackensack Avenue
    Kearny, New Jersey 07032
    Petitioner Pro Se

    COLETTE R. BUCHANAN, ASSISTANT U.S. ATTORNEY
    CHRISTOPHER J. CHRISTIE, U.S. ATTORNEY
    970 Broad Street, Suite 700
    Newark, New Jersey  07102
    Attorneys for Respondents

**GREENAWAY, JR.**, District Judge

    Donovan Cushnie filed a Petition seeking the issuance of a Writ of Habeas Corpus under

28 U.S.C. § 2241 challenging his detention in the custody of the Department of Homeland

Security ("DHS").  Respondents filed an Answer seeking dismissal of the Petition, together with

several certified documents.  Having thoroughly examined these documents and considered the arguments of the parties, this Court dismisses the Petition, without prejudice.[1]

## I.  BACKGROUND

Donovan Cushnie challenges his detention by the DHS.  On July 30, 2004, pursuant to a guilty plea, the Superior Court of New Jersey, Law Division, Bergen County, entered a judgment convicting Petitioner of sexual assault, contrary to N.J. Stat. Ann. § 2C:14-2c(1), and sentencing him to a four-year term of imprisonment.  The New Jersey Department of Corrections released Petitioner from state custody on February 20, 2007.  On that date, the DHS took Petitioner into custody, pursuant to an arrest warrant issued April 21, 2005, and a Notice to Appear dated April 21, 2005, charging Petitioner with removal as an alien who has been convicted of a crime involving moral turpitude, and an alien present in the United States without being admitted or paroled.  The DHS determined on February 20, 2007, that Petitioner was subject to mandatory pre-removal period detention, pursuant to 18 U.S.C. § 1226(c).

On August 1, 2007, Immigration Judge Margaret R. Reichenberg ordered Petitioner removed to Jamaica, pursuant to the charges listed in the Notice to Appear, and Petitioner waived his right to appeal to the Board of Immigration Appeals.[2]  On August 8, 2007, the DHS issued a

---

[1] Although this Court's Order entered September 12, 2007, allowed Petitioner 30 days from receipt of the Answer (which was filed October 30, 2007) to file a reply, this Court is dismissing the Petition without prejudice before the expiration of Petitioner's time to reply because the certified documents filed by the government clearly show that Petitioner's detention is legal, and because mail sent by the Clerk to Petitioner at the address he provided to the Clerk was returned as undeliverable.

[2] Although Petitioner asserts in the Petition that he was born in Jamaica, Queens, New York, on December 12, 1963, Immigration Judge Margaret R. Reichenberg sustained the finding of the DHS that Petitioner was born in the Country of Jamaica, and that he is a native and citizen
(continued...)

warrant of removal, and on August 13, 2007, Field Office Director Scott Weber wrote a letter to the Consulate General of Jamaica requesting a travel document on behalf of Petitioner as a native and/or citizen of Jamaica.  By notice dated August 16, 2007, the DHS scheduled a file custody review of Petitioner's detention by the field officer director for November 1, 2007.

On June 24, 2007, Petitioner executed the Petition presently before this Court.  The Clerk received it on June 27, 2007.  Petitioner challenges his detention as not statutorily authorized and in violation of his right to substantive due process guaranteed by the Fifth Amendment.  He seeks an order directing the DHS to release him from custody or afford him a bond hearing.

In the Answer, the DHS argues that Petitioner's detention is statutorily authorized and does not violate the Constitution of the United States.  Respondents contend that 18 U.S.C. § 1226(c) required Petitioner's detention from February 20, 2007 (when he was released from state custody) until August 1, 2007 (when his order of removal became final), and that 18 U.S.C. § 1231(a)(2) requires his detention during the 90-day removal period that began on August 1, 2007.

## II.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody," and (2) the custody is "in violation

---

[2](...continued)
of Jamaica who entered the United States illegally at an unknown time and place.

of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the DHS at the time he filed his Petition, see Spencer v. Kemna, 523 U.S. 1, 7 (1998). Also, Petitioner asserts that his detention is not statutorily authorized and violates his constitutional rights. See Bonhometre v. Gonzales, 414 F.3d 442, 445-46 (3d Cir. 2005) (recognizing that the Real ID Act did not eliminate district court habeas jurisdiction over alien's challenge to detention).

B. Legality of Detention

The Immigration and Nationality Act ("INA") authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States. See 8 U.S.C. § 1226(a). Section 1226(a) provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . ." 8 U.S.C. § 1226(a). In accordance with an arrest warrant issued under § 1226(a), the DHS properly took Petitioner into custody on February 20, 2007, when he was released from state custody.

Section 1226(c) mandates detention during removal proceedings for a limited class of criminal aliens, including inadmissible criminal aliens such as Petitioner. See 8 U.S.C. § 1226(c). Specifically, § 1226(c) provides:

>    (c) Detention of criminal aliens
>
>    (1) Custody

> The Attorney General shall take into custody any alien who--
>
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
>
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or
>
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.
>
> (2) Release
>
> The Attorney General may release an alien described in paragraph (1) only if the Attorney General decides pursuant to section 3521 of Title 18 that release of the alien from custody is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate of a witness, potential witness, or person cooperating with such an investigation, and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding.  A decision relating to such release shall take place in accordance with a procedure that considers the severity of the offense committed by the alien.

8 U.S.C. § 1226(c).

In <u>Demore v. Kim</u>, 538 U.S. 510 (2003), the Supreme Court upheld the constitutionality of § 1226(c), and ruled that mandatory detention of criminal aliens during removal proceedings is a constitutionally permissible part of the removal process.  "[T]he statutory provision at issue

5

governs detention of deportable criminal aliens *pending their removal proceedings*. Such detention necessarily serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." Id. at 527-28 (emphasis in original).

This Court finds that, because Petitioner was a criminal alien covered by the mandatory pre-removal period detention required by 18 U.S.C. § 1226(c), his detention from February 20, 2007, through August 1, 2007, was statutorily authorized. In accordance with the Supreme Court's holding in Demore v. Kim, this Court finds that his detention without a hearing during this period was not unconstitutional.

Once an alien, such as Petitioner, is ordered removed, the Attorney General is required to remove him from the United States within a 90-day "removal period." See 8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')"). Significantly, § 1231(a)(2) requires the Attorney General to detain an alien during this 90-day removal period:

> During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title.

8 U.S.C. § 1231(a)(2); see also Zadvydas v. Davis, 533 U.S. 678, 683 (2001).

If the DHS does not remove the alien within the 90-day removal period, then § 1231(a)(6) authorizes the Attorney General to either release, or continue to detain, the alien. Specifically, § 1231(a)(6) provides:

6

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In Zadvydas, the Supreme Court held that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas, 533 U.S. at 689. However, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. To guide habeas courts, the Court recognized six months as a "presumptively reasonable period" of post-removal-period detention. Id. at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id.

In 2005, the Supreme Court ruled in Clark v. Martinez, 543 U.S. 371 (2005), that the post-removal-period detention of two inadmissible aliens from Cuba who had not effected "entry" was no longer statutorily authorized by § 1231(a)(6) because removal to Cuba was not reasonably foreseeable. See Clark v. Martinez, 543 U.S. at 384. The aliens "were detained well beyond six months after their removal orders became final," and the government "brought forward nothing to indicate that a substantial likelihood of removal subsists despite the passage

7

of six months (indeed, it concedes that it is no longer even involved in repatriation negotiations with Cuba)." Id. at 386.  Under those circumstances, the Court held that the petitions should have been granted.  Id.

As previously stated, Petitioner's detention from February 20, 2007, through August 1, 2007, was statutorily mandated and not unconstitutional.  Petitioner's 90-day removal period began on August 1, 2007, when the order of removal became administratively final.  See 8 U.S.C. § 1231(a)(1)(B)(i).  Specifically, § 1231(a)(1)(B) provides that

> [t]he removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section (i) applies here, as Petitioner's removal order became administratively final on August 1, 2007, the date the order issued, because Petitioner waived his right to an administrative appeal to the Board of Immigration Appeals.  Pursuant to 8 U.S.C. § 1231(a)(2), see Zadvydas, 533 U.S. at 683, the DHS is statutorily required to detain Petitioner during the 90-day removal from August 1, 2007, through October 31, 2007.  The presumptively reasonable six-month period of detention under Zadvydas to effectuate Petitioner's removal will not expire until February 1, 2008.  Because Petitioner's detention at this time is statutorily authorized and constitutional under Zadvydas, this Court will dismiss the Petition.  However, the dismissal is without

prejudice to the filing of another petition after February 1, 2008, in the event that there is no significant likelihood of removal in the reasonably foreseeable future.

### III.  CONCLUSION

For the reasons set forth above, the Court will dismiss the Petition without prejudice.


DATED:  November 13, 2007


                                                 S/Joseph A. Greenaway, Jr.
                                                JOSEPH A. GREENAWAY, JR., U.S.D.J.